COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-436-CR

 

 

JIMMY CANTU                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. INTRODUCTION








Appellant Jimmy Cantu was assessed a ten-year sentence,
probated for ten years, for the offense of possession with intent to deliver a
controlled substance, namely methamphetamine, of four grams or more but less
than 200 grams.  Cantu complains that the
trial court abused its discretion when it denied his motion for
continuance.  We affirm. 

II. FACTUAL & PROCEDURAL BACKGROUND

In 1999, Cantu pled guilty to possession of a controlled
substance with the intent to deliver and received a ten-year probated sentence.  Shortly after being placed on probation,
Cantu failed to report to the probation department or pay his fees.  He left Tarrant County and did not report to
his probation department from August 1999 to July 2003.  At a hearing on Cantu=s various
probation violations, Cantu orally asked the court to continue the proceeding.
In support of his request for a continuance, Cantu called his mother to testify
that three different witnesses were necessary to assist in Cantu=s case.  No explanation was given as to why these
witnesses were not in court that day or if they had even been contacted to
testify on Cantu=s behalf. 
The trial court denied Cantu=s oral motion for
continuance. 

III. DENIAL OF MOTION FOR CONTINUANCE








In Cantu=s sole point, he
argues that the trial court improperly denied his motion for continuance.  Cantu contends that the purpose of the motion
was to obtain the testimony of witnesses who were not available.  He argues that even though there was not a
sworn, written motion for continuance, the trial court may still address the
motion based on equitable grounds.  The
State maintains that the trial court properly denied Cantu=s motion for
continuance because Cantu failed to preserve error for review and because the
record does not contain any reason for granting an equitable motion for
continuance. 

A. Standard of Review

The trial court=s ruling on a
motion for continuance is reviewed for abuse of discretion.  Vasquez v. State, 67 S.W.3d 229, 240 (Tex.
Crim. App.  2002).  When reviewing abuse of discretion challenges,
a wide degree of deference is given to the trial court.  Id.  To establish an abuse of discretion, the
defendant must show that he was actually prejudiced by the denial of his
motion.  Id. 

B. Preservation of Error

A motion for continuance not in writing and unsworn
preserves nothing for review.  See
Tex. Code Crim. Proc. Ann. arts.
29.03, 29.08 (Vernon 1989);  Dewberry
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131 (2000).  While some
courts permit unsworn oral motions for continuance to be addressed on equitable
grounds, this court has declined to do so. 
See Ricketts v. State, 89 S.W.3d 312, 317 (Tex. App.CFort Worth 2002,
pet. ref=d); Woodall v. State, 77
S.W.3d 388, 401 (Tex. App.CFort Worth 2002,
pet. ref=d) (declining to follow cases
allowing for oral motions for continuance based on equitable principles).








Here, Cantu argues that his oral motion for continuance
should have been granted on equitable grounds. 
Because Cantu offered an unwritten, unsworn motion for continuance, he
preserved nothing for review. 
Consequently, we overrule his sole point. 

 

IV. CONCLUSION

Having overruled Cantu=s sole
point, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: July 13,
2006

 











[1]See Tex. R. App. P. 47.4.